## THE STATE *vs.* WALTER NICHOLSON.

New Castle County, November Term, 1895.

**Indictment. Unlawfully driving away horse. Pleading.**—An indictment charging, in the language of the statute, that the defendant " did unlawfully, and without having first obtained the consent of the owner and legal proprietor thereof, then and there take possession of, use and drive off a certain mare," is sufficient, and will not be quashed, either for uncertainty or multifariousness.

The defendant was indicted under the provisions of the statute as contained in Revised Code (1893) 944. The indictment charged, *inter alia,* that he " did unlawfully and without having first obtained the consent of the owner and legal proprietor thereof, then and there take possession of, use and drive off a certain mare."

*Walter H. Hayes,* for the prisoner, moved to quash the indictment, on the ground that the defendant was not fully advised by the indictment of the offense with which he was charged; that there were eight distinct offenses lumped in the one count in the indictment, viz : the unlawful taking possession of; taking possession of without the consent of the owner; taking possession of

without the consent of the person having the custody of; using without the consent of owner; using without the consent of the legal custodian thereof; driving off unlawfully; driving off without the consent of the owner; driving off without the consent of the legal custodian. He cited Archb. Crim. Pl. & Pr. 25.

*White,* Attorney-General, for the State. The indictment is in the same form that has been used by my predecessors. This question has never been raised before. The objection is extremely technical. Though the indictment is in the language of the statute, which would seem to comprehend or include several separate and distinct offenses, yet this indictment simply describes the one continuous act. First he took, without the consent of the owner or legal custodian, used and drove off; it was all one offense; all one act. There is no more reason for setting out in the indictment these successive steps, then there would be in an indictment for larceny to make separate counts for the different elements that constitute the crime of larceny, such as the felonious taking, the carrying away, the intent to convert the goods to the taker's use, etc.

LORE, C. J. The indictment follows the statute, which says that it shall be unlawful, without first having obtaining the consent of the owner or legal proprietor, to take possession of, use, ride off *or* drive off. The copulative " or " is between " ride off " and " drive off." They are copulated together, and it means to ride or drive off; that is the only distinction. It is to take possession of, use and ride off; take possession of, use and drive off. The " or " distinguishes between riding off and driving off. The language here is, to take possession of, use *and* drive off.

We overrule the motion and refuse to quash the indictment.